IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL S. KRAUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-643-JHP-TLW |
| | ) |
| TULSA CITY-COUNTY LIBRARY COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint and Brief in Support [Doc. 17], Plaintiff's Response [Doc. 19], and Defendant's Reply [Doc. 20]. After consideration of the briefs, and for the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

BACKGROUND

Plaintiff, Randall S. Krause ("Plaintiff), filed his initial Complaint [Doc. No. 1] on October 17, 2016 alleging that the Defendant, Tulsa City-County Library Commission ("Defendant"), maintains a recycling program which violates provisions of the Lanham Act, 15 U.S.C. § 1125. Shortly thereafter, Plaintiff filed an Amended Complaint [Doc. No. 5] on October 31, 2016 to instead allege a claim under the First Amendment to the United States Constitution, concerning the same set of allegations involving TCCL's recycling program. Plaintiff subsequently filed a Motion to Amend his Amended Complaint [Doc. No. 9]. TCCL filed a Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 11] to which Plaintiff filed a Response in Opposition [Doc. No. 15]. On the same date Plaintiff responded to TCCL's Motion

1

to Dismiss, the Court granted Plaintiff's Motion to Amend his Amended Complaint [Doc. No. 14] and ordered Plaintiff to file an all-inclusive Amended Complaint by December 9, 2016.

On December 1, 2016, Plaintiff filed his Third Amended Complaint [Doc. No. 15]. Plaintiff's Third Amended Complaint contains different, but substantively analogous facts in support of the claim asserted in Plaintiff's First and Second Amended Complaints alleging that TCCL's recycling program constitutes an undue burden on his First Amendment Free Exercise Clause right to practice his asserted religion of "Environmentalism."  Plaintiff contends his secular and political choices rooted in environmental advocacy constitute a religion—namely "Environmentalism."

Plaintiff asserts in his Third Amended Complaint that he is an adherent to the religion of Environmentalism and believes in protecting the environment.  Plaintiff alleges that Defendant placed "fake" recycling bins throughout the downtown Tulsa, Oklahoma Central Library that amount to an undue obstacle on Plaintiff's practice of Environmentalism.  Plaintiff alleges that he and other adherents to his claimed religion were victimized by Defendant's use of these "fake" recycling bins.

On December 15, 2016, Defendant moved to dismiss Plaintiff's Third Amended Complaint pursuant, to FED. R. CIV. P. 12(b)(6), arguing that the Third Amended Complaint fails to state a claim upon which relief can be granted. [Doc. No. 17].  Plaintiff submitted his Response on December 19, 2016, [Doc. No. 19], and Defendant submitted its Reply on December 28, 2016. [Doc. No. 20].

## DISCUSSION

Defendant moves to dismiss Plaintiff's Third Amended Complaint for failure to state a claim upon which relief can be granted.  In considering a Motion to Dismiss under Fed. R. Civ.

2

P. 12(b)(6), the Court must accept all well-pleaded allegations of the Complaint as true, and must construe them in the light most favorable to the Plaintiff. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). (citing *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). To withstand a Motion to Dismiss, a Complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he entitled to relief. *Id.* at 556. Because the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," the Court must first identify and disregard averments that "are no more than conclusions [which] are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Dismissal is proper when Plaintiff fails to "have at least some relevant information to make the[ir] claims plausible on their face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2008). A Court must "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* at 1191.

Plaintiff's claim for violation of the Free Exercise Clause of the First Amendment is insufficient as a matter of law to survive dismissal. Plaintiff has also demonstrated that the deficiencies in his Complaint cannot be cured by further amendment, as the Court has previously provided Plaintiff an opportunity to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff has not alleged sufficient non-conclusory allegations to state a claim for relief under the Free Exercise Clause. The United States Supreme Court has held that a "way of life, however virtuous and admirable, may not be interposed as a barrier to reasonable [state action] if it is based on purely secular considerations; to have the protection of the Religion Clauses, the claims must be rooted in religious belief." *Wisconsin v. Yoder*, 406 U.S. 205, 215 (1972). A

plaintiff's personal preferences and secular beliefs do not warrant the protection of the Free Exercise Clause. *See Frazee v. Illinois Dep't of Employment Sec.*, 489 U.S. 829, 833 (1989). The primary question "in any free exercise claim [is] whether the plaintiff's beliefs are religious in nature, and whether those religious beliefs are sincerely held." *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). The Supreme Court has reiterated time and time again that personal preferences and secular beliefs do not warrant the protection of the Free Exercise Clause. *See Frazee v. Illinois Dep't of Employment Sec.*, 489 U.S. 829, 833 (1989) ("There is no doubt that '[o]nly beliefs rooted in religion are protected by the Free Exercise Clause[.]").

Plaintiff's Third Amended Complaint contains no factual support for Plaintiff's conclusory assertion that Environmentalism is a religious, and not a secular practice or lifestyle. Plaintiff alleges merely that "Environmentalism is a religion based on environmental protection. Its adherents believe in protecting the environment. [Plaintiff] is one of its adherents[, and] Environmentalism teaches that recycling protects the environment." Third Amended Complaint [Doc. 16], at ¶¶ (C)(1), (D)(1). Under the applicable *Twombly* and *Iqbal* pleading standards, however, Plaintiff's conclusory assertions must be disregarded at the dismissal stage. *See Khalik*, 671 F.3d at 1191. Plaintiff has not otherwise pleaded sufficient facts to support a plausible claim that Environmentalism is anything other than a secular, rather than a religious practice. *See McDavid v. Cty. of Sacramento,* 2006 U.S. Dist. LEXIS 43711, at *7-8 (E.D. Cal. June 26, 2006).

Although Plaintiff's conclusory assertion that Environmentalism is a religion seems to be a matter of first impression in this Circuit, the Eastern District of California addressed an analogous claim and held that veganism was not a religious practice:

> All courts recognize some distinction between a religious belief and a non-religious lifestyle decision; courts will protect the former, but not the latter, from government interference under the Free Exercise Clause. While courts have differed on how broadly to interpret "religious belief," there is no precedent under which Plaintiff's veganism can be considered a religion protected by the First Amendment.

*Id.* at *7. Plaintiff's allegations concerning Environmentalism—similar to the practice of veganism—reveal that Plaintiff's practice of Environmentalism "is a purely secular lifestyle choice, not protected by the Free Exercise Clause." *Id.* at *14. The allegations in Plaintiff's Third Amended Complaint do not permit this Court to make a determination that "Environmentalism" is a religion entitled to protection under the Free Exercise Clause.

Even if this Court were to accept that Environmentalism constitutes a religion or a religious practice, Plaintiff's allegations do not support a plausible conclusion that the Defendant's recycling program imposes a substantial burden on the exercise of a religious practice. The Tenth Circuit has recognized that pursuant to the Supreme Court's holding in *Yoder*, when a plaintiff raises a First Amendment Free Exercise Clause claim, it necessarily implicates the statutory considerations under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb—2000bb—4 ("RFRA"), so "a plaintiff must make two threshold showings to state a *prima facie* free exercise claim [that (1)] the governmental action must burden a religious belief rather than a philosophy or a way of life [and (2)] the burdened belief must be sincerely held by the plaintiff; government need only accommodate the exercise of actual religious convictions." *Werner v. McCotter*, 49 F.3d 1476, 1479 n.1 (10th Cir. 1995) (citing *Yoder*, 406 U.S. at 215-19 and *Thomas v. Review Bd.*, 450 U.S. 714-16 (1981). A government regulation must "significantly inhibit or constrain conduct or expression that manifests some central tenet of….. individual beliefs." *Id.* at 1480. A plaintiff must allege "something more than the fact that [a

governmental action] offended [his] religious beliefs. [He] must allege facts demonstrating the challenged action created a burden on the exercise of [his] religion." *Bauchman v. West High Sch.*, 132 F.3d 542, 556 (10th Cir. 1997), *cert. denied* 524 U.S. 953 (1998) (citing *United States v. Lee*, 455 U.S. 252, 256-67 (1982)). A claim is legally insufficient unless a plaintiff alleges that his "exercise of religion is burdened if the challenged action is coercion or compulsory in nature." *Id.* (citing *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 448-51 (1988)). Even if a plaintiff can show that his sincerely-held religious beliefs have been somehow impacted by a governmental program, such an impact does not rise to the level of coercion if the plaintiff has an option of whether to participate in the program. *See id.* ("We conclude that the fact [the plaintiff] had a choice whether or not to sing songs she believed infringed upon her exercise of religious freedom, with no adverse impact on her academic record, negates the element of coercion and therefore defeats her Free Exercise claim.").

Plaintiff's allegations do not raise a plausible conclusion that Defendant's recycling program rises to the level of a coercive law or program sufficient to state a claim under the Free Exercise Clause. The First Amendment, as applied to the states through the Fourteenth Amendment, states that "Congress shall make no law . . . prohibiting the free exercise [of religion.]" U.S. Const. Amend. 1. Plaintiff does not allege Defendant's recycling program was created pursuant to a state or municipal law or ordinance. Instead, Plaintiff alleges Environmentalism encourages recycling, and Defendant's recycling program is an "undue obstacle to the practice of Environmentalism." Third Amended Complaint [Doc. 16], at ¶ (C)(1). Plaintiff alleges Defendant's recycling program is false and "prevent[s] adherents of Environmentalism from participating in recycling." *Id.* at ¶¶ (B)(2); (D)(3). These conclusory

allegations do not lead to a conclusion that Defendant's recycling program compelled or coerced Plaintiff such as to prevent him from continuing to practice his alleged religion.

Instead, Plaintiff seeks to compel Defendant to conform its conduct to the tenets of Plaintiff's alleged religion. However, although the Free Exercise Clause "protects, to a degree, an individual's right to practice [his] religion within the dictates of [his] conscience, it does not convene on an individual the right to dictate [that a governmental program] conform to [his] religion." *Bauchman*, 132 F.3 at 557. The Free Exercise Clause "is written in terms of what the government cannot do to the individual, not in terms of what the individual can exact from the government." *Id.* at 558 (citing *Lyng*, 485 U.S. at 451).

Accordingly, Plaintiff's Third Amended Complaint must be dismissed for failure to state a claim, as Plaintiff has failed to sustain his *prima facie* burden to allege non-conclusory facts in support of a plausible claim that Environmentalism is a religion, as opposed to a secular practice or lifestyle. Additionally, Plaintiff has failed to state a plausible claim that his alleged religious practices were unconstitutionally burdened by Defendant's recycling program.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss [Doc. No. 17] is granted.

**IT IS SO ORDERED this 23rd day of January, 2017.**

James H. Payne
United States District Judge
Northern District of Oklahoma

7